Gerrit M. Pronske
State Bar No. 16351640
Rakhee V. Patel
State Bar No. 00797213
Melanie P. Goolsby
State Bar No. 24059841
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: mgoolsby@pronskepatel.com

**COUNSEL FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 10-30252-HDH-11** |
| **PMP II, LLC,** | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |

## APPLICATION TO EMPLOY FOLEY & LARDNER LLP
## AS SPECIAL COUNSEL TO THE DEBTOR

COMES NOW PMP II, LLC, debtor and debtor in possession in the above-captioned case

(the "Debtor"), and files this Application to Employ Foley & Lardner LLP as Special Counsel to

the Debtor (the "Application") pursuant Section § 327(e) and Federal Rule of Bankruptcy

Procedure 2014, and represents as follows:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN
RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES
BANKRUPTCY COURT AT THE EARLE CABELL BUILDING, U.S.
COURTHOUSE, 1100 COMMERCE STREET, ROOM 1254, DALLAS,
TEXAS 75242-1496, BEFORE CLOSE OF BUSINESS ON AUGUST 19,
2010, WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF
SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE
CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE
MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH**

**HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

## I.    JURISDICTION

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory basis for the relief requested herein is Sections 327 and 1107 of the Bankruptcy Code.

## II.    BACKGROUND

3.    On January 7, 2010 (the "Petition Date"), the Debtor filed for bankruptcy protection under chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its businesses and manage its properties as a debtor in possession.

4.    No trustee or examiner has been appointed in the Debtor's Chapter 11 bankruptcy proceeding, nor has a creditors' committee or other official committee been appointed pursuant to 11 U.S.C. § 1102.

5.    The Debtor is the title holder of sixty-nine (69) acres at the back of Kamilonui Valley, located in East Oahu, Hawaii, running along the east and west slopes of the valley, behind agricultural lots (the "Property"). The Debtor is slated to develop the Property through a joint venture agreement. Development plans for the Property call for a cemetery and mortuary. Debtor has plans to operate a funeral services business in conjunction with the development of the Property. Bagelpipe, LLC holds a 94.26% membership interest in Debtor. The members of

Bagelpipe, LLC are PRM Realty Group, LLC, an affiliated debtor that holds a 94.27% membership interest, and another entity that holds the remaining 5.73% interest.

6.      Since before the Petition Date, the Debtor has been in negotiations involving secured creditors BFI Capital, LLC, D. B. Zwirn Real Estate Credit Partners, and LLC/Fortress Investment Group, LLC, and also involving certain owners of the Debtor, to reach arrangements regarding the $33 million secured debt against the Property that are now reflected in the Debtor's proposed Chapter 11 Plan.   During this time, the Debtor has relied upon counsel and representation provided by Foley & Lardner LLP ("Foley & Lardner") in regard to certain real estate, corporate, contract, and other matters.

7.      On June 4, 2010, the Debtor filed its proposed Plan of Reorganization (the "Plan") [Docket No. 38] and proposed Disclosure Statement (the "Disclosure Statement") [Docket No. 39].  The hearing to approve the Disclosure Statement is set for July 13, 2010.  In connection with the transactions contemplated by the Debtor's Plan, the Debtor requires the continued engagement of Foley & Lardner to finalize negotiations and to assist in preparing various documents required under the Plan and in closing the transactions contemplated by the Plan.

8.      As of the Petition Date, the Debtor owes outstanding fees in the amount of $6,714.50 to Foley & Lardner.  Foley & Lardner will not seek payment of this outstanding amount from the Debtor while the Debtor's bankruptcy case is pending.

### III.      <u>RELIEF REQUESTED</u>

9.      Section 327(e) of the Bankruptcy Code authorizes the Debtor to "employ, for a specified special purpose … an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to

**APPLICATION TO EMPLOY FOLEY & LARDNER LLP AS SPECIAL COUNSEL TO THE DEBTOR - Page 3 of 7**

the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). The Debtor wishes to employ Foley & Lardner, a law firm organized for the purposes of practicing law with its mailing address at 321 North Clark Street, Suite 2800, Chicago, Illinois 60654-5313, telephone number 312-832-4500, and facsimile number 312-832-4700, to serve as special counsel in this case under Section 327(e) in connection with the negotiation, finalizing, and closing of the transactions contemplated by the Debtor's Plan.

10.     The Debtor's employment of Foley & Lardner is in the best interest of the Debtor's estate. Debtor has selected Foley & Lardner because the firm, and specifically Jay Erens, the lead firm attorney with respect to the Debtor's matter, has significant experience representing clients in complex financial and business matters, including the structuring and implementation of business and financial transactions and litigation related to those transactions. The Debtor's estate will realize meaningful efficiency gains and cost savings through the Debtor's employment of Foley & Lardner, as opposed to new counsel, because of the firm's knowledge gained through its pre-Petition Date work relating to the Debtor. For these reasons, Foley & Lardner is well qualified to represent the Debtor in matters relating to structuring, documenting, and carrying out the transactions contemplated by the Debtor's Plan, and the Debtor believes that its employment of Foley & Lardner is in the best interest of the estate.

11.     Foley & Lardner does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters on which it is to be employed. Based on an investigation of Foley & Lardner's client lists as of the date of filing of this Application, Foley & Lardner has informed the Debtor that, except as is fully set forth in this Application and/or the Declaration of Jay Erens, a partner at Foley & Lardner, attached hereto as **Exhibit A**, it has no other known connection with the Debtor, its creditors, or other parties in interest in this Chapter 11 case that

would constitute an interest adverse to the Debtor or the estate with respect to the matter on which it is to be employed, and Foley & Lardner does not hold or represent any other known or reasonably ascertainable interest adverse to the Debtor's estate with respect to the matters upon which it is to be employed.

12.     Foley & Lardner has informed Debtor that during the pendency of this Chapter 11 case it will not represent any person in connection with any matter adverse to the Debtor or its estate.  Additionally, should Foley & Lardner discover during the pendency of this Chapter 11 case that it represents any additional entities or persons that are affiliates of any party in interest in this Chapter 11 case, it will promptly and fully disclose to the Court the nature of its representation and relationships thereto.

13.     Foley & Lardner will not seek compensation for its services or reimbursement for expenses from the Debtor or the estate.  All such compensation and reimbursement will be paid from funds which are not the property of any bankruptcy estate.

## IV.     MATTERS RELEVANT TO THE RETENTION OF FOLEY & LARDNER

14.     As required by Bankruptcy Rule 2014(a), Foley & Lardner has attempted to determine its past and present connections with the Debtor, its creditors, partners or any parties-in-interest appearing in this case, its respective attorneys, accountants, the United States Trustee, or any person employed in the Dallas office of the United States Trustee.  Based upon that investigation and to the best of Foley & Lardner's present knowledge, Foley & Lardner is not aware of any connections it has with the Debtor, the Debtor's creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee or any employee in the Dallas office of the United States Trustee other than those set forth above or in the

**APPLICATION TO EMPLOY FOLEY & LARDNER LLP AS SPECIAL COUNSEL TO THE DEBTOR - Page 5 of 7**

Declaration attached hereto as Exhibit A.  In the event Foley & Lardner becomes aware of any such connections, it will supplement the disclosure at the earliest opportunity.

**V.    <u>NOTICE</u>**

15.    Notice of this Application and the relief requested hereby has been provided to the Office of the United States Trustee, the 20 largest unsecured creditors, the secured lenders, and to all parties requesting service of pleadings.  No official creditor's committee has been formed in this case.  Accordingly, the Debtor believes that such notice of this Application is sufficient.

WHEREFORE, Debtor respectfully request an Order of this Court approving Debtor's employment of Foley & Lardner, as special counsel, on the terms set forth herein, and for such other and further relief, legal or equitable, special or general, to which Debtor may show itself justly entitled.

Dated: July 29, 2010.                              Respectfully submitted,

By: */s/ Peter R. Morris*
Bagelpipe, LLC
Manager

PRM Realty Group, LLC
Manager of Bagelpipe, LLC

Peter R. Morris, President
PRM Management of Illinois, Inc.
Manager of PRM Realty Group, LLC

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that, on July 29, 2010, I caused to be served the foregoing pleading upon the parties on the Master Service List attached hereto via the Court's electronic transmission facilities and/or United States mail, first class delivery.


*/s/ Melanie P. Goolsby*
Melanie P. Goolsby