

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed August 17, 2010**

---

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| PMP II, LLC, | § | CASE NO. 10-30252-HDH-11 |
| | § | |
| Debtor. | § | CHAPTER 11 |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER UNDER
### 11 U.S.C. § 1129 CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

WHEREAS, on June 4, 2010, PMP II, LLC (the "Debtor"), debtor and debtor-in-possession, filed its Plan of Reorganization (the "Plan") [Docket No. 38][1] and its Disclosure Statement (the "Disclosure Statement") [Docket No. 39]; and

WHEREAS, on July 19, 2010, this Court entered an order approving the adequacy of the Disclosure Statement in accordance with section 1125 of the Bankruptcy Code, setting forth procedures for soliciting approval of the Plan, and setting deadlines for objections to and voting

---
[1] All terms not otherwise defined herein shall have the same meaning ascribed to them in the Plan.

on the Plan (the "Disclosure Statement Order") [Docket No. 54]; and

WHEREAS, on July 19, 2010, and in accordance with the Disclosure Statement Order, the Debtor caused the Plan, Disclosure Statement, Disclosure Statement Order, and a ballot for voting to accept or reject the Plan (the "Solicitation Package") to be transmitted to holders of Claims in all Classes; and

WHEREAS, the Debtor provided the Court with a tabulation of the votes submitted by the holders of all Classes of Claims (the "Voting Tabulation") by filing the Declaration of Sandra Meiners, Balloting Agent (the "Balloting Agent Declaration") [Docket No. 66] on August 13, 2010 and on the record at the hearing on the confirmation of the Plan, held on August 16, 2010; and

WHEREAS, no objections to confirmation of the Plan were filed; and

WHEREAS, pursuant to Bankruptcy Code section 1128(a), the Court held a hearing commencing on August 16, 2010 at 3:00 p.m. (the "Confirmation Hearing"), which hearing was to consider confirmation of the Plan; and

NOW THEREFORE, based upon the Court's review and consideration of (i) the submissions previously filed with the Court; (ii) the record of the Confirmation Hearing (including all of the evidence proffered or adduced at the hearing, the pleadings, briefs, memoranda and other submissions filed in connection therewith, and the arguments of counsel made at the hearing); and (iii) the record in this Chapter 11 Case; and after due deliberation thereon, and good cause appearing therefore,

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THE COURT FINDS AND CONCLUDES THAT:**[2]

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S PLAN OF REORGANIZATION - Page 2 of 15**

1. <u>Exclusive Jurisdiction: Venue, Core Proceeding- 28 U.S.C. §§ 157(b)(2) and 1334(a)</u>. This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. <u>Burden of Proof</u>. The Debtor has the burden of proving the elements of Bankruptcy Code sections 1129(a) by a preponderance of the evidence.

3. <u>Transmittal and Mailing of Materials: Notice</u>. Due, adequate, and sufficient notice of the Disclosure Statement, the Plan, and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims in accordance with the Bankruptcy Rules and the procedures set forth in the Disclosure Statement Order and further orders of the Court.

4. <u>Solicitation</u>. Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

5. <u>Distribution</u>. All procedures used to distribute the Solicitation Packages to the applicable holders of Claims were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.

---

when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

6. <u>Impaired Classes That Have Voted to Accept the Plan</u>. As evidenced by the Balloting Agent Declaration and the record established at the Confirmation Hearing, which, *inter alia*, sets forth the voting results on the Plan, impaired Classes have voted to accept the Plan in accordance with the requirements of sections 1124 and 1126 of the Bankruptcy Code.

7. <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).

    a. <u>Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1)</u>. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates 3 Classes of impaired Claims (Classes 3, 4, and 5) against the Debtor. The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Bankruptcy Code section 1122. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between holders of Claims. The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

    b. <u>Specified Treatment of Impaired Classes—11 U.S.C. §1123(a)(3)</u>. Article V of the Plan specifies the treatment of the impaired Classes of Claims (Classes 3, 4, and 5), thereby satisfying Bankruptcy Code section 1123(a)(3).

    c. <u>No Discrimination—11 U.S.C. § 1123(a)(4)</u>. The Plan provides the same treatment for each Claim within each respective Class, thereby satisfying Bankruptcy Code section 1123(a)(4).

    d. <u>Implementation of the Plan—11 U.S.C. § 1123(a)(5)</u>. Article VI of the Plan provides adequate and proper means for implementing the Plan. Pursuant to section 1123(a)(5)(B) of the Bankruptcy Code, Article 6.1 establishes that the Debtor shall convey the Property to HKMP, LLC in exchange for a 25%, non-dilutable membership interest in HKMP, LLC, the venture created to develop the Property into a cemetery. Article 6.2 provides that the Reorganized Debtor shall be the survivor of the Debtor. Thus, section 1123(a)(5) of the Bankruptcy Code is satisfied. Other articles of the Plan provide means for implementation of the Plan as well. For example, Articles VII provides for the treatment of executory contracts and unexpired leases; Article IX provides for the continuing jurisdiction over matters arising out of or related to this Chapter 11 Case and the Plan; and Article XI describes the process for resolving and treating disputed claims.

    f. <u>Additional Plan Provisions—11 U.S.C. § 1123(b)</u>. The Plan's provisions

are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

8. <u>Identification of Plan Proponents—Fed. R. Bankr. P. 3016(a)</u>. The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponent of the Plan.

9. <u>Notice of the Confirmation Hearing—Fed. R. Bankr. P. 3017</u>. The Debtor has given notice of the Confirmation Hearing in accordance with the Disclosure Statement Order. The solicitation packages prescribed by the Disclosure Statement Order were transmitted to the creditors entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 3017.

10. <u>Solicitation of Votes - Fed. R. Bankr. P. 3018</u>. The solicitation of votes to accept or reject the Plan and requests for consent to the treatment provided under the Plan satisfy Fed. R. Bankr. P. 3018. The Solicitation Package was transmitted to all creditors entitled to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with Bankruptcy Code section 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018.

11. <u>The Debtor's Compliance with the Bankruptcy Code—11 U.S.C. § 1129(a)(2)</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(2). Specifically, Mr. Morris testified at the Confirmation Hearing that:

a. The Debtor is eligible for relief under title 11 in accordance with Bankruptcy Code section 109.

b. the Debtor has complied with applicable provisions of the Bankruptcy Code and orders of the Court.

c. The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Solicitation Procedures Order in transmitting the Solicitation Package and related documents and notices and in soliciting and tabulating votes on the Plan.

12. <u>Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3)</u>. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3). This Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of effectively reorganizing the Debtor and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

13. <u>Payment for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4)</u>. Any payments made or to be made by the Debtor for services or for costs and expenses in connection with this case have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

14. <u>Identification of Directors, Officers, and Insiders —11 U.S.C. § 1129(a)(5)</u>. The Debtor has complied with Bankruptcy Code section 1129(a)(5) by disclosing at or before the Confirmation Hearing as required by the Plan the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of the Debtor.

15. <u>No Rate Changes—11 U.S.C. § 1129(a)(6)</u>. No governmental regulatory commission has jurisdiction over rates of the Debtor after confirmation of the Plan. Thus, Bankruptcy Code section 1129(a)(6) is not applicable in this Chapter 11 Case.

16. <u>Best Interests of Creditors Test—11 U.S.C. § 1129(a)(7)</u>. The Plan satisfies Bankruptcy Code section 1129(a)(7). The Disclosure Statement, Plan, and evidence adduced at the Confirmation Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) either have not been controverted by other persuasive

evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtor's assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the applicable Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

17. <u>Treatment of Administrative, Other Priority Claims and Priority Tax Claims—11 U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code sections 1129(a)(9)(A) and (C).

18. <u>Acceptance by Impaired Classes—11 U.S.C. § 1129(a)(10)</u>. At least one Class of Claims that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code section 1129(a)(10.

19. <u>Feasibility—11 U.S.C. § 1129(a)(11)</u>. The Plan satisfies the feasibility requirement of section 1129(a)(11) of the Bankruptcy Code. Specifically, the Plan is not likely to be followed by liquidation or need for further reorganization.

20. <u>Payment of Fees—11 U.S.C. § 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

21. <u>Continuation of Retiree Benefits—11 U.S.C. § 1129(a)(13)</u>. The Debtor does not have any retiree benefits to be continued under the Plan. Thus, Bankruptcy Code section 1129(a)(13) is not applicable to the Debtor.

22. <u>Transfers of Property—11 U.S.C. § 1129(a)(16)</u>. The transfers of property required under the Plan are to be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. Thus, the Plan satisfies Bankruptcy Code Section 1129(a)(16).

23. <u>11 U.S.C. § 1129(b)</u>. All of the requirements of Bankruptcy Code Section 1129(b) have been met as the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Thus, it is not necessary for the Debtor to also satisfy section 1129(a)(8) to meet the requirements for confirmation of the Plan. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon: (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in this Chapter 11 Case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

24. <u>Good Faith Solicitation—11 U.S.C. § 1125(e)</u>. Based on the record before the Court in this Chapter 11 Case, the Debtor and its directors, officers, employees, agents, advisors, accountants, consultants, attorneys, and other representatives have acted in good faith within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of its respective activities relating to the solicitation of acceptances to and consents to the treatment afforded under the Plan and its

participation in the activities described in Bankruptcy Code section 1125.

25. <u>Impairment of Classes—11 U.S.C. § 1123(b)(1)</u>. In accordance with Bankruptcy Code Section 1123(b)(1), Article V of the Plan impairs or leaves unimpaired, as the case may be, each class of Claims under the Plan.

26. <u>Treatment of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. The Plan constitutes a motion by the Debtor to assume all executory contracts and unexpired leases listed in the Debtor's Schedules and not expressly assumed or rejected within ninety (90) days of the Confirmation Date. Accordingly, the Plan complies with Bankruptcy Code section 1123(b)(2).

27. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

28. <u>Objections</u>. There were no objections to Confirmation of the Plan, or all objections were withdrawn, settled, or overruled.

## DECREES

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

1. <u>Confirmation of the Plan</u>. The Plan is approved and confirmed under Bankruptcy Code section 1129 in its entirety. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2. <u>Objections</u>. Any objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

3. <u>Effects of Confirmation; Effectiveness; Successors and Assigns</u>. The Court directs

that Fed. R. Civ. P. 62(a) and the stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Court authorizes the Debtor to consummate the Plan after entry of this Confirmation Order. Subject to the occurrence of the Effective Date, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan (including the Plan Exhibits and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in this Chapter 11 Case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians. Upon the occurrence of the Effective Date with respect to the Debtor, the Plan shall be deemed substantially consummated.

4. <u>Releases and Exculpation</u>. The releases and exculpation provisions set forth in Article XII of the Plan are incorporated into this Confirmation Order as if set forth in full herein and are hereby approved in their entirety.

5. <u>Injunction Against Interference with the Plan</u>. Pursuant to Article 12.9 of the Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to section 105 of the Bankruptcy Code from taking any action to correct or enforce any Claim directly or indirectly against the Reorganized Debtor in any manner inconsistent with the terms contained in the Plan.

6. <u>Plan Implementation Authorization</u>. Pursuant to the Plan, all necessary documents for the implementation of the Plan shall be executed by all necessary parties in interest on the

Effective Date, unless an earlier date is provided for in a particular document under the Plan.

7. <u>Binding Effect</u>. On the Effective Date, except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon the (a) Debtor; (b) all present and future holders of Claims, including all governmental entities, whether or not the Claim of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan; (c) any other party in interest; (d) any person making an appearance in this Chapter 11 Case; and (e) any of the foregoing's heirs, successors, assigns, trustees, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries, or guardians.

8. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. Pursuant to Article VII of the Plan, all executory contracts and unexpired leases to which the Debtor is a party shall be assumed on the ninetieth (90th) day after the Confirmation Date, unless such executory contract or unexpired lease has been previously rejected, or is subject to a pending motion to assume as of the Confirmation Date. The cure amount associated with any contract or lease shall be satisfied pursuant to Article 7.2 of the Plan.

9. <u>Rejection Damage Claims</u>. Pursuant to Article 7.3 of the Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtor, unless a proof of claim is filed with the Bankruptcy Court and served on the Reorganized Debtor such that it actually receives the proof of claim within thirty (30) calendar days of entry of an order rejecting such contract or lease.

10. <u>Reservation of Rights Regarding Executory Contracts and Unexpired Leases</u>: Pursuant to 7.4 of the Plan, the Debtor has the right to file applications for the assumption or rejection of any executory contract or unexpired lease at any time prior to ninety (90) days after

the Confirmation Date.

11. <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

12. <u>Exemption from Certain Taxes</u>.  Pursuant to section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp, transfer tax, or similar tax.

13. <u>Late-Filed Claims</u>.  All claims subject to and filed after the Bar Date are hereby disallowed.

14. <u>Resolution of Claims</u>.  Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan.  All objections to Claims shall be filed with the Court within sixty (60) days from the Effective Date, and a copy of the objection shall be served upon the Holder of the Claim to which the such objection pertains.  Any request for an extension period to object to Claims need be served only upon the creditors involved and the United States Trustee.

15. <u>Payment of Fees</u>.  All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid on the Effective Date.  After the Effective Date, neither the Debtor nor its Estate, nor the Reorganized Debtor shall thereafter be liable for the payment of any additional fees.

16. <u>Reversal</u>.  If any or all of the provisions of this Confirmation Order are hereafter

reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

17. <u>Retention of Jurisdiction</u>. Pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article IX of the Plan.

18. <u>Notice of Entry of Confirmation Order</u>. The Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors, the United States Trustee and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

19. <u>Notice of Effective Date</u>. Within five (5) Business Days following the occurrence of the Effective Date, the Reorganized Debtor shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on (a) Sterling Bank's counsel; (b) the United States Trustee; and (c) the entities that have requested notice in this case pursuant to Bankruptcy Rule 2002.

20. <u>Reference to Plan Provisions</u>. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the

effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

21. <u>Inconsistency</u>.  In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents.  In the event of any inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

22. <u>Enforceability</u>.  Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

23. <u>Final Order</u>.  This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

24. <u>Administrative and Professional Fee Claims</u>.  The deadline for filing all applications for payment of Administrative Claims shall be on or before thirty (30) days after the entry of this Confirmation Order.  Any Administrative Claim filed after that date shall be deemed untimely filed and shall be disallowed.  The deadline for objecting to such Administrative Claims is twenty-one (21) days after a request for payment of such Claim has been filed and served in upon counsel for the Debtor. The deadline for submitting applications for compensation for services rendered in this case pursuant to sections 327, 328, 330, 331, or 1103 (the "Professional Fee Claims") of the Bankruptcy Code prior to the Effective Date is thirty (30) days after the Effective Date.  The deadline to object to final fee applications shall be the twenty-first (21st) day after such fee

application has been filed. If the Debtor fails to make payments due under any order approving an Administrative Claim or a Professional Fee Claim, such will constitute a plan default, and such claimant shall have the right to pursue any and all rights to which it is entitled for the Debtor's failure to comply with the terms of the Plan and this Order.

# # # END OF ORDER # # #

PREPARED AND SUBMITTED BY:

*/s/ Gerrit M. Pronske*
Gerrit M. Pronske
State Bar No. 16351640
Rakhee V. Patel
State Bar No. 00797213
Melanie P. Goolsby
State Bar No. 24059841
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: mgoolsby@pronskepatel.com

**COUNSEL FOR THE DEBTOR**